UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00108-MR

| | |
|---|---|
| YILIEN OSNARQUE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>State of North Carolina, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Yilien Osnarque pursuant to 28 U.S.C. § 2254 on March 16, 2021. [Doc. 1]. Also before the Court is the Motion to Proceed *in Forma Pauperis* [Doc. 2] and Motion to Appoint Counsel [Doc. 3] also filed by the Petitioner on March 16, 2021.

**I.    BACKGROUND**

Yilien Osnarque (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 215 to 269 months of incarceration following a conviction on September 6, 2005 of two counts of trafficking heroin and one count of conspiracy to traffic heroin, to which he pleaded guilty. [Doc. 1 at 1]. An amendment judgment was entered on February 13, 2006 with the identical sentence of 215 to 269 months of

incarceration. [Doc. 1-1 at 23, 34].

Although the Petitioner states that he filed an appeal of his judgment of conviction, he includes no information regarding the dates of appeal or outcome. [Id. at 2]. On November 18, 2014, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court that was denied on November 25, 2014. [Doc. 1-1 at 37]. The Petitioner then filed a petition for writ of certiorari, which the North Carolina Court of Appeals denied on May 7, 2020. [Doc. 1 at 2-3; Doc. 1-1 at 9]. The Petitioner filed a petition for discretionary review in the North Carolina Supreme Court on June 25, 2020 that was denied on February 9, 2021. [Id. at 2-3; Doc. 1-1 at 1].

The Petitioner filed this Petition for Writ of Habeas Corpus on March 16, 2021. [Doc. 1]. The Petitioner argues that he was supposed to receive a sentence of 44-62 months' incarceration and claims that counsel was ineffective with respect to entry of his plea and at sentencing. [Id. at 4-5].

## II. DISCUSSION

### A. Timeliness of § 2254 Petition

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody

pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on September 6, 2005 and an amended judgment of conviction was entered on February 13, 2006. The Petitioner indicates that he appealed his judgment of conviction, but he identifies the court to which he appealed as "N/A", and the result as "N/A". [See Docs. 1, 1-1]. Thus, on this record, the Court concludes that the Petitioner's conviction became final on February 27, 2006, fourteen days after his amended judgment of conviction. See N.C.R.App. 4(a)(2)(providing

14 days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about February 27, 2007. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). However, the Petitioner's post-conviction MAR did not toll the one-year limitations period because the Petitioner did not file the MAR until November 18, 2014—more than seven years after the limitations period had already expired. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on March 16, 2021 was well beyond the statute of limitations and is subject to dismissal unless the Petitioner can show that he is entitled to statutory or equitable tolling. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

## B. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income, and he lists no amounts of money in any bank accounts. [Doc. 2 at 1-2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his application to proceed *in forma pauperis* will be granted.

## C. Motion for Appointment of Counsel

The Petitioner moves for the appointment of an attorney to represent him in this proceeding. [Doc. 3]. The Petitioner states that his imprisonment limits his ability to litigate this matter and that the issues involved in this proceeding are complex and will require significant research and investigation. [Id. at 1-2].

This is a § 2254 proceeding, for which there is no constitutional right to the appointment of counsel. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). The Petitioner sets forth no sufficient grounds to justify the need for

appointment of counsel at this juncture. Accordingly, the Petitioner's motion for appointment of counsel shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Petitioner's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge