UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00108-MR

| | |
|---|---|
| YILIEN OSNARQUE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's response [Doc. 6] to the Court's <u>Braxton</u> Order [Doc. 5] and on the Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. 1].

**I. BACKGROUND**

Yilien Osnarque (the "Petitioner") is a prisoner of the State of North Carolina. On September 6, 2005, Petitioner pleaded guilty to two counts of trafficking heroin and one count of conspiracy to traffic heroin. He is currently serving a sentence of 215 to 269 months' incarceration. [Doc. 1 at 1]. On February 13, 2006, an amended judgment with an identical sentence was entered. [Doc. 1-1 at 23, 34].

Although the Petitioner states that he filed an appeal of his judgment of conviction, he includes no information regarding the dates of appeal or outcome.[1] [Id. at 2]. On November 18, 2014, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. It was was denied on November 25, 2014. [Doc. 1-1 at 37]. The Petitioner then filed a petition for writ of certiorari, which the North Carolina Court of Appeals denied on May 7, 2020. [Doc. 1 at 2-3; Doc. 1-1 at 9]. The Petitioner filed a petition for discretionary review in the North Carolina Supreme Court on June 25, 2020. It was denied on February 9, 2021. [Id. at 2-3; Doc. 1-1 at 1].

On or about March 10, 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus. [Doc. 1; see Doc. 1-2 (petition postmarked 3/10/2021)]. Petitioner argues that he was supposed to receive a sentence of 44 to 62 months' incarceration and claims that counsel was ineffective with respect to entry of his plea and at sentencing. [Id. at 4-5]. On January 3, 2022, following this Court's initial review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. [Doc.

---

[1] A Westlaw search shows only that, on May 22, 2007, well after the deadline to appeal, Petitioner petitioned the North Carolina Supreme Court for a writ of certiorari to review the order of the Superior Court of Mecklenburg County. The Court dismissed the petition on December 6, 2007. State v. Osnarque, 657 S.E.2d 25 (N.C. 2007).

2

5]. On January 20, 2022, Petitioner timely responded to the Court's Order. [Doc. 6]. On February 3, 2022, after the deadline to respond had expired, Petitioner filed a purported Addendum to his response.[2] [See Docs. 7, 7-1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Petitioner also recently filed an improper letter directed to the undersigned, together with a 46-page Affidavit and a "Notice of the Invocation of Rights." [Docs. 8, 8-1, 8-2]. These documents are not properly before the Court, untimely in any event, and will not be considered here.

3

Id. The limitation period is tolled during the pendency of a "properly filed" application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Petitioner pleaded guilty and did not file a direct appeal, his conviction became final on February 27, 2006, fourteen days after the February 13, 2006 amended judgment. See N.C. R. App. 4(a)(2) (providing 14 days in which to seek appellate review of criminal judgment and conviction). Petitioner, therefore, had one year from February 27, 2006 to seek relief under § 2254. See 28 U.S.C. § 2244(d)(1). A timely filed MAR tolls this limitations period. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005) (untimely state postconviction petition is not "properly filed" and, therefore, does not toll AEDPA's limitations period). Petitioner, however, did not file an MAR until November 18, 2014 – more than seven years after the limitations period expired. As such, Petitioner's MAR did not toll AEDPA's one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). As such, Petitioner's petition must be dismissed as untimely absent the application of equitable tolling.

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner argues that his petition should not be dismissed as untimely because he is a non-citizen, "battles with a language barrier," is not a trained lawyer and has limited knowledge of the law, lacks access to a law library, and that his inquiries to the North Carolina Prisoner Legal Services (NCPLS) have been unsuccessful. Petitioner states that, on January 9, 2022, he requested assistance from the NCPLS regarding timeliness and that he "will document if and when he ever receives the information necessary to access the courts and reply" to the Braxton Order. [Doc. 6 at 1]. Petitioner also notes that he sought representation from multiple law schools and attempted to hire an attorney, but he was forced to forfeit his retainer due to unrelated circumstances. [Id. at 2]. Finally, Petitioner argues that he "has diligently pursued his case and gone above and beyond what should have been

5

required of him to have a chance at 'meaningful access to the Courts.'" [Id. at 4].

Petitioner has failed to meet the very high standard for application of equitable tolling. He has not shown that extraordinary circumstances prevented him from timely filing his petition. Petitioner's complaints concerning access to legal assistance, lack of legal knowledge, or access to law libraries does not constitute the type of extraordinary circumstances outside his control or egregious misconduct to warrant the application of equitable tolling. Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020). See also United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law does not provide a basis for equitable tolling); Buchnowski v. White, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling). Furthermore, Petitioner has, at least, consistently shown success in enlisting others to aid in overcoming his language barrier. [See, e.g., Docs. 1-4, 6-8]. The Court, therefore, concludes that there is no basis on which to equitably toll the limitations period here.

Because Petitioner has failed to show timeliness or that he is entitled to equitable tolling, the Court will dismiss his § 2254 petition as untimely.

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss Petitioner's § 2254 Petition for Writ of Habeas Corpus as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge